IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA LEMING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-18-348-D |
| | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant Oklahoma Department of Veterans Affairs' Partial Motion to Dismiss [Doc. No. 7]. Although Defendant cites the standard of decision under Fed. R. Civ. P. 12(b)(6), it raises jurisdictional issues of whether certain claims asserted in the Complaint are barred by sovereign immunity. The Motion is therefore governed by Fed. R. Civ. P. 12(b)(1). *See Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001) ("Once effectively raised, the Eleventh Amendment becomes a limitation on our subject-matter jurisdiction . . . ."). Plaintiff has responded in opposition to the Motion, which is fully briefed.[1]

Plaintiff is a former employee of Defendant who worked as a nurse at its facility in Sulphur, Oklahoma. She claims Defendant: 1) interfered with her right to leave under the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.*, and retaliated against her for taking such leave; 2) engaged in disability discrimination and retaliation in

---

[1] The time for filing a reply brief under LCvR7.1(i) has expired.

violation of the Americans with Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act of 2008, 42 U.S.C. §12101 *et seq.*; 3) violated the Genetic Information Nondiscrimination Act of 2008 (GINA), 42 U.S.C. § 2000ff *et seq.*; and 4) engaged in discrimination and retaliation prohibited by the Oklahoma Anti-Discrimination Act (OADA), Okla. Stat. tit. 25, § 1101 *et seq.* Plaintiff alleges both that her minor son had a serious health condition that entitled her to take FMLA leave for his care and treatment, and that she developed a serious health condition that entitled her to take FMLA for her own care and treatment. Plaintiff also alleges that her son's condition involved a genetic disorder protected by GINA.

By the instant Motion, Defendant seeks dismissal of Plaintiff's ADA and GINA claims and the FMLA claim based on her self-care, on the ground of sovereign immunity from suit under the Eleventh Amendment of the United States Constitution. The Motion is one for partial dismissal because Defendant admits that an FMLA claim based on Plaintiff's care of her son is not barred by sovereign immunity. Defendant also does not seek dismissal of Plaintiff's OADA claim.[2] The Court limits its analysis to the jurisdictional issues raised, and thus disregards Defendant's statement of the Rule 12(b)(6) standard and Plaintiff's arguments regarding the sufficiency of the factual allegations of the Complaint to state a claim under the various statutes.

---

[2] Defendant does challenge Plaintiff's ability to recover punitive damages under state law. However, a Rule 12(b)(6) motion tests the sufficiency of a claim and not the prayer for relief. *See Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011) ("the prayer for relief is no part of the cause of action"). Further, by silence in her response brief, Plaintiff implicitly concedes this point.

**Standard of Decision**

Defendant effectively moves for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). Here, Defendant makes a facial attack on the sufficiency of the allegations contained in the Complaint, and thus, all well-pleaded factual allegations are accepted as true. *See Ruiz*, 299 F.3d at 1180; *Holt*, 46 F.3d at 1002.

**Discussion**

The Eleventh Amendment grants immunity to the states from "any suit in law or equity . . . by Citizens of another State" or by their own citizens. U.S. Const. amend. XI; *see Bd. of Trs. v. Garrett*, 531 U.S. 356, 363 (2001). "However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief."

*Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1168-69 (10th Cir. 2015) (quoting *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted). In this case, only the second exception is presented for consideration by Defendant's Motion.

## A. Plaintiff's ADA Claims

Congress unequivocally expressed in the ADA its intent to abrogate state sovereign immunity. *See* 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter."). However, the Supreme Court held in *Board of Trustees v. Garrett*, 531 U.S. 356 (2001), that Congress exceeded its authority under Section 5 of the Fourteenth Amendment with regard to Title I of the ADA; thus, a state employee cannot bring a suit for damages against his or her employer under the ADA. *See Garrett*, 531 U.S. at 374 & n.9; *see also Tennessee v. Lane*, 541 U.S. 509, 521-22 (2004).[3]

Plaintiff points to the enactment in 2008 of the ADA Amendments Act (ADAAA), which amended the ADA to overturn certain Supreme Court decisions that had limited its scope. Plaintiff argues that the ADAAA should be viewed as also overturning the holding of *Garrett*. *See* Pl.'s Resp. Br. at 17. Plaintiff provides no legal authority to support this argument, and the Court is not persuaded by it. The ADAAA expanded the definition of "disability" and related provisions of the ADA for the express purposes of rejecting narrow

---

[3] The Supreme Court has reached a different conclusion regarding Title II of the ADA in some cases. *See, e.g., Lane*, 541 U.S. at 533-34 (Title II as applied to cases "implicating fundamental right of access to the courts, constitutes a valid exercise of Congress § 5 authority"). The Court finds no basis in *Garrett*, however, to differentiate Plaintiff's ADA claims of discrimination and retaliation for purposes of sovereign immunity. *See Demshki v. Monteith*, 255 F.3d 986, 988 (9th Cir. 2001) ("We recognize that *Garrett* arose in the context of Title I, but we nevertheless conclude that the Court's holding necessarily applies to [retaliation] claims brought under Title V of the ADA, at least where, as here, the claims are predicated on alleged violations of Title I."); *see also Levy*, 789 F.3d at 1169. Therefore, *Garrett* prevents Plaintiff from pursuing both of her ADA claims against Defendant.

interpretations "enunciated by the Supreme Court in *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999) and its companion cases" and "rejecting the standards enunciated by the Supreme Court in *Toyota Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002)." *See* ADA Amendments Act of 2008, Pub. L. 110-325, § 3(a)(2)-(4), 122 Stat. 3553 (2008). Congress did not suggest any intention to affect the application of the ADA to state government employees, nor did it make any findings in enacting the ADAAA that might support a valid exercise of Section 5 power under *Garrett*.

Therefore, the Court finds that Plaintiff's ADA claims are barred by the Eleventh Amendment.

**B.      Plaintiff's FMLA Claim Based on Self-Care**

The FMLA also contains an expression of congressional intent to abrogate the states' sovereign immunity. *See* 29 U.S.C. § 2617(a)(2). The Supreme Court held in *Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721 (2003), that the family-care provisions of the FMLA were a valid exercise of Congress' Section 5 power because these provisions were intended to remedy "gender-based discrimination in the administration of leave benefits" and "the family-care leave provision of the FMLA is congruent and proportional to the targeted violation." *Id*. at 735, 737 (internal quotation omitted). However, in *Coleman v. Court of Appeals*, 566 U.S. 30 (2012), the Supreme Court reached the opposite conclusion regarding the FMLA's self-care provision, 29 U.S.C. § 2612(a)(1)(D). "In agreement with every Court of Appeals to have addressed this question," a plurality of the Court held that "suits against the States under this provision are barred by the States' immunity as sovereigns in our federal system." *Coleman*, 566

U.S. at 33 (citing federal appellate decisions, including *Brockman v. Wyo. Dep.'t of Family Servs.*, 342 F.3d 1159 (10th Cir. 2003)).

Plaintiff makes no effort to oppose Defendant's Motion on this ground and, in fact, appears to abandon her FMLA self-care claim. Plaintiff states that she "will not take the time to make arguments [regarding self-care], because [Defendant] has admitted that sovereign immunity is abrogated pursuant to 29 U.S.C. § 2612(a)(1)(C)" with respect to care for her son. *See* Pl.'s Resp. Br. at 13.

Therefore, the Court finds that, to the extent Plaintiff's FMLA claim is based on a right to leave from employment for her own self-care, it is barred by the Eleventh Amendment.

## C. Plaintiff's GINA Claim

GINA prohibits employment discrimination "against any employee . . . because of genetic information with respect to the employee." *See* 42 U.S.C. § 2000ff-1(a)(1). Although no provision of GINA expressly states that Congress intended to abrogate Eleventh Amendment immunity, such intent can be found in provisions defining "employee" to include "State employee," *id.* § 2000ff(2)(A)(ii), and incorporating other provisions from an amendment to Title VII of the Civil Rights Act of 1964 known as the Government Employee Rights Act of 1991, *id.* § 2000ff-6(b). *See Culbreth v. Wash. Metro. Area Transit Auth.*, No. 10cv3321, 2012 WL 959385, *4 (D. Md. March 20, 2012) (unpublished); *see also Allen v. N.J. Pub. Def.*, Civ. No. 16-8661, 2017 WL 3086371, *7 n.9 (D. N.J. July 20, 2017) (unpublished). However, the few federal district courts that have addressed the issue, have uniformly held that "GINA is not a valid exercise of the

congressional power to abrogate [Eleventh Amendment] immunity." *Culbreth*, 2012 WL 959385 at *5; *accord Allen*, 2017 WL 3086371 at *7.

Assuming Congress was exercising its enforcement power under the Fourteenth Amendment in enacting GINA, the validity of this exercise depends on the case-by-case framework announced by the Supreme Court in *City of Boerne v. Flores*, 521 U.S. 507 (1997), which requires consideration of the following:

> (1) the nature of the constitutional right at issue; (2) the extent to which Congress's remedial statute was passed in response to a documented history of relevant constitutional violations; and (3) whether the congressional statute is "congruent and proportional" to the specific class of violations at issue, given the nature of the relevant constitutional right and the identified history of violations.

*Guttman v. Khalsa*, 669 F.3d 1101, 1117 (10th Cir. 2012); *see Lane*, 541 U.S. at 522, 523-25, 529-31; *Garrett*, 531 U.S. at 365, 368, 372. GINA was not accompanied by findings of historical discrimination by state employers on the basis of genetics. *See* Genetic Information Nondiscrimination Act of 2008, Pub. L. 110-233, § 2(a)(2)-(4), 122 Stat. 881 (2008) (discussing only generally applicable state laws and an example of employment discrimination in a workplace "jointly operated by state and federal agencies," *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1264 (9th Cir. 1998)). Further, there is no showing that GINA was congruent or proportional to any harm to be remedied. In this case, Plaintiff makes no effort to defend GINA as a valid abrogation of Defendant's Eleventh Amendment immunity.

Therefore, the Court finds that Plaintiff's GINA claim is barred by Eleventh Amendment immunity.

**Conclusion**

For these reasons, the Court finds that Plaintiff cannot proceed on her ADA, GINA, and FMLA self-care claims against Defendant.

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss [Doc. No. 7] is GRANTED, as set forth herein. The claims of the Complaint based on the ADA, GINA, and the FMLA self-care provision are DISMISSED without prejudice due to Defendant's Eleventh Amendment immunity from suit.[4]

IT IS SO ORDERED this 13th day of November, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] A dismissal for lack of jurisdiction must be without prejudice to refiling. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims") (emphasis in original).